SO ORDERED.

SIGNED this 5th day of September, 2012.



Dale L. Somers
United States Bankruptcy Judge

_____

Designated for on-line use but not print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| TUNG THANH NGUYEN and<br>PAMELA S. NGUYEN, | CASE NO. 09-11640<br>CHAPTER 7 |
| DEBTORS. | |
| CARL B. DAVIS, Trustee, | |
| PLAINTIFF, | |
| v. | ADV. NO. 11-05027 |
| THI HOA PHAM, NOEL ESPLUND,<br>and LISA DANG, | |
| DEFENDANTS. | |

MEMORANDUM OPINION AND ORDER
HOLDING THAT THE TRANSFER BY QUIT CLAIM DEED WHICH THE
TRUSTEE SEEKS TO AVOID CONVEYED BARE LEGAL TITLE AND
ORDERING ADDITIONAL BRIEFING AS TO THE TRUSTEE'S REMEDY

In this adversary proceeding, the Chapter 7 Trustee seeks to avoid under 11 U.S.C. § 548 (a)(1)(B)[1] Debtor Tung Thanh Nguyen's (Debtor) transfer of his interest in real property to his sister, defendant Lisa Dang (Lisa), within one year prior to filing for relief under Chapter 7. The parties stipulated to the jurisdiction of the Court and consented to the trial and entry of final order by the Bankruptcy Court. An evidentiary hearing was held, after which briefs were filed.

**FINDINGS OF FACT.**

In September 2007, defendant Thi Hoa Pham (Ms. Pham), Debtor's and Lisa's mother, decided to purchase farm property located in Reno County, Kansas. The consideration of approximately $170,000 was provided two-thirds by Ms. Pham and one-third by her companion, defendant Noel Esplund (Noel), who has since become her common law husband. The sellers were the conservator of the estate of William N. Neal, and the wife of William N. Neal. Two deeds conveying the property, one by the conservator and one by the attorney-in-fact for William's wife, to Ms. Pham and Noel as joint tenants were executed on September 26, 2007 in Pennsylvania. The settlement date for the sale, which closed in Kansas, was September 28, 2007. Ms. Pham and Noel attended the closing, but Debtor did not. On that date, Ms. Pham and Noel executed a joint tenancy warranty deed conveying the property to Noel, Debtor, and Lisa. The three deeds, the two deeds from the sellers and the joint tenancy deed, were all recorded on

---

[1] Future references in the text to title 11 shall be to the section only.

October 2, 2007. The transfer of the property which is the subject of this action, is a quit claim deed from Debtor to Lisa dated May 29, 2008, for which Debtor received no consideration.

Ms. Pham testified that before the sale she arranged to use her son and daughter's names for purchase of the property. The children agreed to hold her share of the property in their names, but there was no written agreement. She regards the deeds to her and Noel as joint tenants to have been mistakes. At the time of the purchase, Ms. Pham had been tentatively diagnosed with cancer, but did not inform her children of her possible illness. Ms. Pham wanted to be sure that her children, not Noel, would control her interest in the property if she were to die. Debtor did not question his mother's decisions to purchase the property or the manner in which it was titled. Debtor has never seen the property, did not regard himself to be an owner of the property, and, even though he had financial problems, never considered selling his interest. Ms. Pham, not her children, paid two-thirds of the real estate taxes and received income from the property.

In February 2008, Debtor wanted to pay down his credit card debt and contracted with Financial Independence Resources, a debt adjustment service. He stopped paying his credit cards based upon the services to be provided. After one year, Debtor terminated the contract and began considering bankruptcy. Also in early 2008, Ms. Pham learned that she did not have cancer. She testified that for this reason, she requested that Debtor's interest in the property be quit claimed to Lisa. The testimony also supports the inference that additional factors, such as Debtor's financial circumstances and Ms.

3

Pham's opinion that her daughter would take better care of her than her son, may have also motivated the request. On May 29, 2008, Debtor executed the quit claim deed for no consideration, since in his view his mother had always controlled the property and he was not really an owner. The deed was recorded on June 3, 2008.

Debtor and his wife filed for relief under Chapter 7 on May 27, 2009, less than one year after the quit claim deed transfer. A review of Debtor's schedules show that he was insolvent on the date of filing. Debtor testified that his financial circumstances did not materially change during the year prior to filing.

**ANALYSIS.**

    **A. The Trustee's complaint.**

The complaint alleges that the Debtor's transfer of his interest in the property by quit claim deed dated May 29, 2008, is a fraudulent transfer as described in § 548(a)(1)(B), which provides in relevant part:

> (a)(1) The trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made . . . within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--
> \* \* \*
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer . . .; and
> (ii)(I) was insolvent on the date that such transfer was made . . . or became insolvent as a result of such transfer . . .; or
> \* \* \*
> (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

Defendants are Ms. Pham, Noel, and Lisa.

4

The complaint alleges that the transfer was to an insider, as defined in § 101(31), that the Debtor received less than a reasonably equivalent value, and Debtor was insolvent at the time of the transfer, or was rendered insolvent by virtue of the transfer. The relief sought is that the transfer be set aside and that defendants be ordered to convey and deliver the transferred property, or its equivalent value, to the Trustee.

**B. Debtor held the one-third interest in the property in an implied trust for the benefit of his mother.**

The Court begins its analysis by examining the Debtor's interest in the property conveyed by the quit claim deed. Defendants assert that Debtor had only legal title to a one third interest and Ms. Pham held the equitable interest to that portion of the property.

The Court agrees that the evidence clearly establishes equitable ownership by Ms. Pham. Kansas law provides that "[w]hen a conveyance [of real property] for a valuable consideration is made to one person and consideration therefor paid by another," no trust shall arise and title shall vest in transferee, except as provided by statutory exceptions.[2] Those exceptions include the following: "where it shall be made to appear that by agreement and without fraudulent intent the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase money or some part thereof."[3] Such an implied trust in favor of the payor of the consideration arises if "the payor can establish (1) it had an agreement

---

[2] K.S.A. 58-2406.

[3] K.S.A. 58-2408.

5

with the grantee that the grantee would hold the property for the benefit of the payor and (2) the payor had no intent to defraud its creditors."[4]

These elements are established in this case. Both Ms. Pham, who paid the consideration, and Debtor, in whose name a one-third interest was conveyed, testified that they agreed that Debtor would hold the one-third interest in the property for the benefit of Ms. Pham. The method of ownership was selected by Ms. Pham because she had concerns about her health at the time of the purchase. Further, the actions of the parties after the conveyance fully reflect this agreement. Debtor did not regard the property interest as his own. Debtor never contemplated sale of the one-third interest in the property, even though he had financial problems. He executed the quit claim deed when requested to do so by Ms. Pham because she was in control of the property. Taxes were paid by Ms. Pham, and she received income from the property. There was no evidence of fraudulent intent. Ms. Pham has carried her burden of proof to establish an implied trust.

The Trustee contends that the requirements for an implied trust are not satisfied and the Debtor's interest was a gift from his mother. He relies upon the presumption under Kansas law that a gift is intended when a transfer of property is made to one person and the purchase price paid by another, where the transferee is the spouse, child or other natural object of the bounty of the person paying the purchase price.[5] The presumption is

---

[4] *Morris v. Kasparek (In re Kasparek)*, 426 B.R. 332, 341 (10th Cir BAP 2010) (citing K.S.A. 58-2408).

[5] *The University State Bank v. Blevins*, 227 Kan, 40, 44, 605 P.2d 91, 94 (1980).

6

rebuttable by evidence that the one paying the consideration did not intend the transferee to have a beneficial interest.[6] In this case, the evidence discussed above that Ms. Pham and Debtor agreed that Debtor would not have a beneficial interest rebuts the presumption of a gift.

An important factual basis urged by the Trustee for finding a gift rather than an implied trust is the presence of deeds initially conveying the property to Ms. Pham and Noel as joint tenants, followed by a deed conveying Ms. Pham's interest in the property to Debtor and his sister. The Court finds that for purposes of evidence of an implied trust these deeds should be construed as if the conveyance of the one-third interest to Debtor, for which Ms. Pham paid the consideration, had been made by the sellers to Debtor. Ms. Pham testified that the deeds granting the property to her were a mistake, that she had been assured that title could be held as she directed. The two deeds from the grantors were executed in Pennsylvania two days before the settlement date. The deed conveying the partial interest to Debtor was executed on the settlement date, which was two days after execution of the Pennsylvania deeds.[7] All three deeds were recorded on the same date. The transfer from the Pennsylvania grantors to Debtor, Lisa, and Noel was a single integrated transaction for purposes of K.S.A. 58-2406.

---

[6] *Id*. (citing Restatement (Second) of Trusts § 443 (1959)).

[7] The Court rejects as not credible testimony that Ms. Pham returned to the title office after the closing to execute the deed to Debtor. This view of the transaction was frequently repeated by counsel, either expressly or as an assumption behind the questions asked, but was not supported by independent testimony. No evidence of what happened at the closing with respect to the deeds was elicited from Ms. Pham. Debtor did not attend the closing. No witnesses from the title company appeared. Ms. Pham's native language is not English, and this fact impaired her ability to testify clearly.

7

**C. The elements for findings that the quit claim deed of Debtor's interest was a fraudulent conveyance under § 548(a)(1)(B) are present.**

In the complaint, the Trustee alleges he is entitled to avoid the transfer effected by the quit claim deed under § 548(a)(1)(B), the relevant portions of which are quoted above. It allows the Trustee to avoid transfers which "may be free of actual fraud, but which are deemed to diminish unfairly a debtor's assets in derogation of creditors."[8]

The Trustee relies upon two subsections. Both require that the transfer be within two years before the date of filing and that the Debtor did not receive reasonably equivalent value. These two conditions are clearly present. It is undisputed that the deed was executed and delivered within two years of the date Debtor filed for relief under Chapter 7 and that Debtor received no consideration.

The only additional element required for avoidance under § 548(a)(1)B)(i) is that Debtor was insolvent on the date of transfer or became insolvent as a result of the transfer. Debtor's schedules reflect that his liabilities exceeded his total assets (including his exempt assets) on the date of filing. Debtor testified that his financial affairs did not change materially during the one year prior to filing. The elements for avoidance of the transfer under § 548(a)(1)(B)(i) are present. Likewise the elements under § 548(a)(1)(B)(iii) are present, since the quit claim deed transferred Debtor's interest to his sister, Lisa, who is defined to be an insider by § 101(31).

---

[8] 5 *Collier on Bankruptcy* ¶548.05 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. rev. 2012).

8

**D. To what remedy is the Trustee entitled?**

The Trustee in the complaint seeks an order directing conveyance to him, for the benefit of the estate, of Debtor's interest in the property, which the Trustee contends was both the legal and equitable one-third interest. But, as the Court has found, the Debtor had no equitable interest in the property and did not transfer an equitable interest to his sister. All the Trustee can avoid is the transfer of bare legal title, an interest which has essentially no value. The purpose of avoidance, to benefit creditors, would not be served by setting of the transfer.

In his post trial brief, the Trustee argues that if the Debtor had only legal title at the time of the quit claim deed, the Trustee would still be able to avoid the transfer under § 548(a)(1)(B). The Court agrees that this proposition is technically correct.

But the Trustee goes on to argue that "the trustee stands in the shoes of a bona fide purchaser of the real property as of the petition date and takes the title free and clear of implied trust interest."[9] The Court is not convinced that this reasoning is correct. The Trustee's arguments include the language of § 544, which sets forth the strong arm powers of the Trustee. But the complaint does not allege exercise of § 544 powers, and the two year period for asserting such a claim has expired.[10] Defendants have not responded to the Trustee's position.

---

[9] Dkt. 54 at 8.

[10] *See* 11 U.S.C. § 546.

9

In support of his position, the Trustee cites *Kasparek*,[11] an adversary proceeding factually similar to this case, which was decided by this court, appealed to the Tenth Circuit BAP, and reversed. This Court described the case as follows:

> This is an adversary action to sell 80 acres of farm ground located in Kingman County, Kansas (hereafter Farm Property), jointly owned by defendants, pursuant to a warranty deed showing the grantees as "Wayne A. Kasparek, Jonathon W. Kasparek, and James M. Kasparek, . . . as joint tenants with right of survivorship and not as tenants in common." The Trustee contends that the bankruptcy estate of Debtor Jonathan Kasparek owns an undivided one-third interest in the Farm Property and/or the Trustee has the rights and powers of a bona fide purchaser of such undivided one-third interest pursuant to § 5[4]4(a)(3), so that the sale of the jointly owned Farm Property should be ordered under § 363(h). Defendants assert that the estate has no interest in the Farm Property under § 541(d) since co-tenant Wayne Kasparek paid all of the consideration to purchase, maintain and operate the real estate; Wayne Kasparek owns the Farm Property in its entirety; Wayne Kasparek added Defendants Jonathon and James Kasparek, his sons, to the deed for estate planning purposes only; and all of Defendants intended Wayne Kasparek to be the owner of all equitable interests in the Farm Property. Defendants further argue that the Trustee's strong-arm powers cannot be exercised to acquire a one-third interest in the Farm Property.[12]

Following trial, the Court ruled in favor of the defendants, finding that the Debtor held only bare legal title to the property and the Trustee could not avoid the father's equitable interest using his strong arm powers. The trustee appealed, and the BAP reversed. First,

---

[11] *Kasparek*, 426 B.R. at 332.

[12] *Morris v. Kasparek (In re Kasparek)*, 2009 WL 2366400 (Bankr. D. Kan 2009) rev'd 426 B.R. 332 (10th Cir. BAP 2011)(footnote deleted).

it held that the evidence in support of debtor's position that he held only bare legal title to the property was not sufficient under K.S.A. 58-2406. Next, the BAP ruled that even if the debtor held his interest subject to an implied trust under K.S.A. 58-2406, the Trustee could avoid that interest under § 544(a)(3) and a Kansas statue, K.S.A. 58-2402, which provides that no trust shall defeat the title of a purchaser for valuable consideration without notice of the trust.

The Court cannot accept the Trustee's reliance upon *Kasparek* without further explanation of the reasons for its applicability to this case. There are material procedural differences between this case and *Kasparek*. In this case, the Trustee sought to avoid Debtor's prepetition transfer of his interest under § 548 and makes no claim under § 544. In *Kasparek*, the trustee contended the debtor's estate included a one-third interest in the property and he was entitled to sell the estate's interest and the interests of the co-tenants under § 363(h), either because the warranty deed conveyed a one-third legal and equitable interest to debtor or because any equitable interest of debtor's father could be avoided under § 544. The Trustee has presented no argument why the holding of *Kasparek*, that the trustee, as a bona fide purchaser, may take free of an equitable interest, applies to the equitable interest of Ms. Pham in the property transferred by the Debtor.

When addressing the remedy, the Trustee also cites K.S.A. 58-2402. It provides: "No such trust, whether implied or created, shall defeat the title of the purchaser for a valuable consideration and without notice of the trust." But, again, the Trustee fails to

11

address why, if the transfer by quit claim deed is avoided, he is entitled to rely upon K.S.A. 58-2402. Further authority would be helpful.

For the foregoing reasons, the Court declines at this time to rule on the remedy to which the Trustee is entitled.

**CONCLUSION.**

The Court finds that the May 29, 2008 quit claim deed from Debtor conveyed only bare legal title to a one-third interest in the property to Debtor's sister, Lisa. The equitable interest was held by Debtor's mother, Ms. Pham, who paid the consideration and conveyed the interest to Debtor under an agreement that he would hold the interest for her benefit. The elements for avoidance of the quit claim deed under § 548 are present, but the Court declines to rule upon the appropriate remedy at this time because the issue has not been fully briefed.

Accordingly, the Court directs the Trustee to file a brief addressing the question of appropriate remedy **within 28 days of the entry of this order.** Defendants may, if they so chose, file a response to the Trustee's brief **within 28 days thereafter.**

**IT IS SO ORDERED.**

###