**SO ORDERED.**

**SIGNED this 15th day of January, 2013.**



*Dale L. Somers*
United States Bankruptcy Judge

___

Designated for on-line use but not print publication

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| TUNG THANH NGUYEN and PAMELA S. NGUYEN, | CASE NO. 09-11640 CHAPTER 7 |
| DEBTORS. | |
| CARL B. DAVIS, Trustee, | |
| PLAINTIFF, | |
| v. | ADV. NO. 11-05027 |
| THI HOA PHAM, NOEL ESPLUND, and LISA DANG, | |
| DEFENDANTS. | |

## MEMORANDUM OPINION AND ORDER
## FOLLOWING ADDITIONAL BRIEFING AS TO THE TRUSTEE'S REMEDY

By Memorandum Opinion and Order entered on September 5, 2012 (Memorandum Opinion), the Court ruled on the Trustee's Complaint to avoid Debtor's prepetition transfer to his sister by quit claim deed of an interest in real property under 11 U.S.C. § 548. The findings of facts and conclusions of law stated in the Memorandum Opinion are incorporated herein by reference.

In the Memorandum Opinion the Court stated in part:

> The Trustee in the complaint seeks an order directing conveyance to him, for the benefit of the estate, of Debtor's interest in the property, which the Trustee contends was both the legal and equitable one-third interest. But, as the Court has found, the Debtor had no equitable interest in the property and did not transfer an equitable interest to his sister. All the Trustee can avoid is the transfer of bare legal title, an interest which has essentially no value. [1]

As to remedy, the Trustee made arguments using language appropriate for avoidance under § 544, but the complaint relied only on § 548. He also relied upon *Kasparek*,[2] without explaining its applicability to this case. Finding the Trustee's remedy arguments incomplete, the Court stated, "The elements for avoidance of the quit claim deed under § 548 are present, but the Court declines to rule upon the appropriate remedy at this time because the issue has not been fully briefed."[3] Accordingly, the Court directed the Trustee to file a brief addressing the question of appropriate remedy and allowed the Defendants to file a response to the Trustee's brief, if they so chose. Those supplemental briefs have now been filed, and the Court is ready to rule on the appropriate remedy.

---

[1] Dkt. 56 at 9.

[2] *Morris v. Kasparek (In re Kasparek)*, 426 B.R. 332 (10th Cir. BAP 2010).

[3] Dkt. 56 at 12.

The relief sought by the Trustee is summarized in the conclusion to his supplemental brief where he states:

> The appropriate remedy to be granted by the Court at this time is to avoid the transfer and order into the Bankruptcy Estate the legal title property interest which the Court has determined was fraudulently conveyed pre-bankruptcy. Thereafter, the Bankruptcy Trustee likely will attempt to cause both the properties' legal title and equitable title to be dedicated to the benefit of creditors of the estate by filing a Complaint which asserts 11 U.S.C. § 544(a)(3) avoiding powers. Request is made that the ability to bring such an action under the § 546(a)(1) statute of limitations not be prejudged, and that such issue be preserved and dealt with if and when it is pled as an affirmative defense to such adversary action.[4]

The Trustee's creative plan of a two part avoidance action has no support in the Code. Actions under § 544 concern avoidance powers of the Trustee as of the commencement of the case. Here the Trustee is proposing to utilize § 544 to avoid the equitable interests of the defendants in the property as a second avoidance action after the Trustee's avoidance of the quit claim deed under § 548. Debtor's transfer to his sister had not been avoided as of commencement of the case, so § 544 would be inapplicable after a judgment in favor of the Trustee on his § 548 complaint.

Contrary to the directions of the Court, the Trustee's brief fails to address the applicability of *Kasparek* to this case, but rather implicitly, but erroneously, assumes, that the interest of the Debtor in this case is similar to that of the debtor in *Kasparek*. As to the requested remedy if the transfer of the quit claim deed is set aside under § 548, the Trustee argues, that "but for the outstanding statute of limitations issue, the combined workings of K.S.A. 58-2406, K.S.A. 58-2402 and 11 U.S.C. § 544(a)(3) would operate to secure for the bankruptcy's creditors both the fraudulently conveyed legal title and the undocumented beneficial interest; such result

---

[4] Dkt. 60 at 6.

obtaining by an extinguishment of the undocumented equitable interest."[5] The Trustee labels this position regarding the Kansas statutes and § 544 as something the Court recognized as applicable to this case. That conclusion is erroneous. The Court's reference to these statutes was in the portion of the Memorandum Opinion discussing *Kasparek*, which the Court declined to find applicable to this case. The Trustee's brief has not convinced the Court to change its position.

Assuming that he has a potential claim under § 544, the Trustee then devotes the remainder of his brief to arguments as to why the assertion of a claim under § 544 *after* the quit claim deed is avoided under § 548 would not be barred by the § 546 two year limitation period because of equitable tolling.[6] It is true that in the Tenth Circuit, the limitation period of § 546(a) is subject to the doctrine of equitable tolling.[7] "Equitable tolling will prevent § 546(a) from running when the trustee, despite the exercise of due diligence, is prevented from asserting a cause of action . . . due to fraud, . . . or when 'extraordinary circumstances beyond plaintiff['s] control made it impossible to file claims

---

[5] Dkt. 60 at 2-3.

[6] Under § 546(a), an avoidance action under § 544 must be brought before the *earlier* of (1) the *later* of (a) two years after the entry of the order of relief, or (b) the appointment of a chapter 7 Trustee under § 502 or (2) the time the case is closed or dismissed. In this case, which was filed on May 27, 2009, the lmitation period therefore expired on May 27, 2011.

[7] *Jobin v. Boryla (In re M & L Business Machine Co.)*, 75 F.3d 586, 591 (10th Cir. 1996).

4

on time.'"[8] However, the "limitation period will not be equitably tolled . . . if the court finds the trustee has not acted diligently."[9]

The Trustee relies upon the extraordinary circumstances arm of the equitable tolling doctrine. He argues that he has been prevented from timely asserting a claim under § 544 because the Debtor's bare legal title to the property was not property of the estate on the date of filing and would become property of the estate only upon avoidance under § 548. The Trustee cites no authority in support of this position, and the Court can find no support for applying tolling in this case. Rather, the Court finds that equitable tolling does not apply because the Trustee has not acted diligently. When filing the avoidance complaint, the Trustee should have considered all possible avoidance claims.[10]

Section 548(a)(1) provides the trustee may avoid certain transfers "of an interest of the debtor in property." The Court has previously found in the Memorandum Opinion that Debtor held only bare legal title to the property before the transfer by quit claim deed, and, therefore, "[a]ll the Trustee can avoid is the transfer of bare legal title, an interest which has essentially no value."[11] It also held that the Trustee had proven the elements necessary to establish a fraudulent transfer under § 548(a)(1)(B). Nevertheless,

---

[8] *Id.*, *quoting Amazing Enters. v. Jobin (In re M & L Business Machs., Inc. )*, 153 B.R. 308, 311 (D. Colo. 1993).

[9] 5 Collier on Bankruptcy ¶ 546.02[3] (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. rev. 2012).

[10] The Trustee has not requested or briefed the possibility that his timely complaint could be amended, so the Court does not consider this possibility.

[11] Dkt. 56 at 9.

5

the absence of benefit to the estate, if the quit claim deed were to be set aside under § 548, leads the Court to question whether the Trustee was entitled to a remedy. After reviewing the supplemental briefs on the remedy question and conducting further research on § 548 litigation, the Court is now convinced that its prior ruling that the elements of a fraudulent transfer under § 548(a)(1)(B) are present was not correct. Recovery under § 548, in addition to the elements litigated by the Trustee and discussed by the Court in the Memorandum Opinion, also requires that the transfer be of an interest in property. Bare legal title is not such an interest.[12] Several courts under similar circumstances have held that transfers of bare legal title for no consideration are not avoidable under § 548.[13] As stated by the Ninth Circuit Court of Appeals, "[i]n order to bring property into the estate as a fraudulent conveyance, the trustee must first show that the transfer was 'of an interest in the debtor in property.' Property in which the debtor possessed only legal title cannot be recovered for the benefit of the bankruptcy estate."[14] The Trustee cannot avoid Debtor's transfer of bare legal title to his sister under § 548.

For the foregoing reasons and those stated in the Memorandum Opinion, the Court holds that the Debtor's transfer to his sister of bare legal title to the property by quit claim

---

[12] See § 541(b)(1) excluding from the estate "any power that the debtor may exercise solely for the benefit of an entity other than the debtor."

[13] *Geremia v. Dwyer (In re Dwyer)*, 250 B.R. 472 (Bankr. D. R. Is. 2000); *Swanson v. Stoffregen (In re Stoffregen)*, 206 B.R. 939 (Bankr. E.D. Wis. 1997); *Furr v. Reynolds (In re Reynolds)*, 151 B.R. 974 (Bankr. C.D. Fla. 1993); *Jensen v. Gillman (In re Gillman)*, 120 B.R. 219 (Bankr. M.D. Fla. 1990).

[14] *Krommenhoek v. A-Mark Precious Metals, Inc. (In re Bybee)*, 945 F.2d 309, 315 (9th Cir. 1991) (citations omitted).

deed cannot be avoided under § 548(a)(1)(B).  The relief prayed for by the Trustee in the complaint is denied.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure which makes Rule 52(a) of the Federal Rules of Civil Procedure applicable to this proceeding.  A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 7058 which makes Federal Rule of Civil Procedure 58 applicable to this proceeding.

**IT IS SO ORDERED.**

###

7

Case 11-05027    Doc# 62    Filed 01/15/13    Page 7 of 7